JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-2445 JGB (SPx)** | Date | November 6, 2025 |
|---|---|---|---|
| Title | ***Sandra Arguello, et al. v. Costco Wholesale Corporation, et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) GRANTING Plaintiffs' Motion to Remand (Dkt. No. 7); and (2) VACATING the November 10, 2025, Hearing (IN CHAMBERS)**

Before the Court is Plaintiffs' Motion to Remand. ("Motion," Dkt. No. 7.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court **GRANTS** Plaintiffs' Motion. The November 10, 2025, hearing is **VACATED**.

## I. BACKGROUND

On July 10, 2025, Plaintiffs Sandra Arguello and Louis Arguello filed a complaint in the Superior Court of California for the County of Riverside against Defendants Costco Wholesale Corporation ("Costco"), Kahresa Jeff, Jane Doe 1, and Does 2-50. ("Complaint," Dkt. No. 1, Ex. A.) Defendant Costco removed the case on September 17, 2025. (Dkt. No. 1.) The Complaint alleges four causes of action: (1) negligence; (2) negligent hiring, supervision, and/or retention; (3) premises liability; and (4) loss of consortium. (See Complaint.) On October 7, 2025, Plaintiffs filed this Motion. (See Motion.) Defendant Costco filed its Opposition on October 20, 2025. ("Opposition," Dkt. No. 9.) Plaintiffs replied on October 27, 2025. ("Reply," Dkt. No. 10.)

## II. FACTUAL ALLEGATONS

Plaintiffs allege the following facts, which are assumed to be true for the purposes of this motion. See Am. Fam. Ass'n, Inc. v. City & Cnty. of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

Plaintiff Sandra Arguello ("Sandra") and Plaintiff Louis Arguello ("Louis") are California residents. (Compl. ¶¶ 2-3.) Defendant Costco is a Washington resident. (Id. ¶ 4.) Defendant Kahresa Jeff is a California resident and was responsible for the maintenance of the store at the time of Sandra's slip and fall. (Id. ¶ 5.)[1]

On September 13, 2024, Sandra was shopping at the Costco Wholesale located at 12700 Day Street, Moreno Valley, CA, in the walk-in refrigerated dairy section. (Id. ¶ 1.) She slipped and fell due to a dangerous condition—a liquid or substance—that was on the floor. (Id.) As a result, she sustained serious injuries and damages. (Id.)

### III. LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts have original jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

The party seeking removal has the burden of establishing federal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Doubts as to removability must [therefore] be resolved in favor of remanding the case to state court." Matheson, 319 F.3d at 1090.

//
//
//

---

[1] In their Motion, Plaintiffs assert that Ms. Jeff is not a real person and that someone named "Kahresa [Last Name Unknown]" is the proper defendant. There is no evidence available, however, to support this. Defendant's counsel's declaration in support of its Opposition refers to Ms. Jeff as "at all relevant times a Costco employee and Junior Manager of the warehouse where the incident occurred." (Declaration of John K. Flock in Support of Opposition ("Flock Decl."), Dkt. No. 9-2 ¶ 3.) The only evidence Plaintiffs marshal to undermine their own Complaint is a Westlaw people search showing no return for "Kahresa /2 Jeff" in California. (Declaration of Christopher J. Mohamed ("Mohamed Decl.") in Support of Reply, Ex. 1, Dkt. No. 10.) This is insufficient to undermine the allegations in the Complaint, which the Court must take as true, that Ms. Jeff exists and is a resident of California.

## IV.  DISCUSSION

Plaintiffs allege that Ms. Jeff is a resident of Riverside County in California, which destroys diversity of citizenship between the parties.  Defendants respond that Ms. Jeff is a sham defendant included only for the purpose of defeating diversity jurisdiction.

In determining whether complete diversity exists, courts may disregard the citizenship of a fraudulently joined, non-diverse defendant.  Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018).  "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Id.  To establish fraudulent joinder the second way, a defendant must show that the joined, non-diverse party "cannot be liable on any theory."  Id.  "But if there is a *possibility* that a state court would find that the complaint states a cause of action" against a resident defendant, then the federal court "must find that the joinder was proper and remand the case to the state court."  Id.

"A court may look beyond the pleadings to determine if a defendant is fraudulently joined," Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 11670 (E.D. Cal. 2011), including by considering "summary judgment-type evidence" such as declarations and deposition testimony.  See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001).  "Fraudulent joinder must be proven by clear and convincing evidence."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  Generally, courts may look to extrinsic evidence of fraudulent joinder for the "presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant"; where a court finds itself unable to decide the defendant is fraudulently joined "in a summary manner," that "itself points to an inability of the removing party to carry its burden."  Hunter v. Phillip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation omitted).  In other words, "[t]o support a claim that a nondiverse defendant has been fraudulently joined, the removing party must show that the plaintiff has failed to state a valid cause of action against that nondiverse defendant, and the 'settled rules of the state' must make the failure evident by clear and convincing evidence."  Tipton v. Airport Terminal Servs., Inc., 2019 WL 185687, at *5 (C.D. Cal. Jan. 14, 2019) (citation omitted).

Managers can be held liable in slip and fall cases where they personally participate in some tortious conduct.  (Opp'n at 9.)  Costco focuses on whether Plaintiffs can show that a cause of action is sufficiently pled as to Ms. Jeff.  Declarations submitted by Defendant in support of its Motion state that "Ms. Jeff was not the manager on duty that day, and she is not named in Costco's safety inspection records" and "Ms. Jeff . . . played no role in the creation of any alleged hazard, the safety inspections that day, or any aspect of the incident's causation."  (Flock Decl. ¶ 5; Declaration of Ian Kaikko in Support of Opposition ("Kaikko Declaration"), Dkt. No. 9-1 ¶ 7.)  Considered against Plaintiffs' Complaint, these declarations fail to resolve the issue and entirely place Ms. Jeff's conduct beyond the scope of liability.  This is especially so where Plaintiffs contend that they could, if given leave to amend, allege additional facts supporting causes of action against Ms. Jeff.  (See Mot. at 8.)

Defendant Costco has failed to show by clear and convincing evidence that there is no valid cause of action against Ms. Jeff, or one that could not be amended to properly state a cause of action. As such, Plaintiffs' Motion is **GRANTED**.

## V.     CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiffs' Motion and **REMANDS** the case to the Riverside Superior Court. The Clerk is directed to close the file. The November 10, 2025, hearing is **VACATED**.

**IT IS SO ORDERED.**